# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| JONATHON MICHAEL HANKINS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:12-cv-00683-TWP-DML |
| NURSE NANCY, DAVID H. DUNKLE MD., GERALD B. MADER, MICHAEL E. PAUSZEK MD., DOUGLAS COX In his official capacity only, JOHNSON COUNTY ADULT AND CHILD MENTAL CARE AGENCY, and JOAN RYAN L.M.H.C., | ) |
| Defendants. | ) |

## ENTRY SEVERING CLAIMS AND DIRECTING FURTHER PROCEEDINGS

Upon consideration of this action and the claims that are pending, this Court has determined that efficient resolution of this matter dictates the severance of the numerous claims alleged in this action.

## I. DISCUSSION

Rule 21 of the Federal Rules of Civil Procedure permits the Court, on its own, at any time, to add or drop a party or to sever any claim against a party. Severance is warranted in this action because, as the plaintiff has stated, this case "contains several different legal claims and issues with each claim or issue involving a different set of defendants." Dkt. 102 at p. 4. Generally, if a district court finds that a plaintiff has misjoined parties, the court should sever those parties or claims, allowing those grievances to continue in spin-off actions, rather than dismiss them. *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). Severance preserves rights that depend on the date that the complaint was filed, such as defenses to applicable statutes

of limitation. *Id.* As explained in the Order of November 19, 2013, the following claims are pending in this action:

**Claim 1**. <u>Former Johnson County Sheriff Terry McLaughlin in his individual capacity only</u>, allegedly: 1) subjected Hankins to unconstitutional conditions of confinement at the Johnson County Jail in violation of the due process clause; 2) was negligent in his duty to provide humane conditions of confinement; 3) failed to protect Hankins from physical abuse and sexual assault in violation of the due process clause; and 4) committed the tort of intentional infliction of emotional distress. See Dkt. 21.

**Claim 2**. <u>Sheriff Douglas Cox, in his official capacity only,</u> allegedly denied Hankins accommodations for his disability including the use of a wheelchair at the Johnson County Jail in violation of the Americans with Disabilities Act and Rehabilitation Act. In addition, <u>Nurse Nancy</u> was allegedly deliberately indifferent to Hankins' need for a wheelchair in violation of his constitutional rights.

**Claim 3**. <u>Doctor Michael Pauszek</u> allegedly failed to provide constitutionally adequate medical care after admitting Hankins to the Johnson County Memorial Hospital on June 1, 2010. On that day, Hankins presented with a self-inflicted laceration which Dr. Pauszek treated. Dr. Pauszek allegedly prematurely discharged Hankins from the hospital into the care of Dr. David H. Dunkle and Dr. Gerald B. Mader on June 3, 2010. Dr. Pauszek failed to have Hankins readmitted when Hankins was returned to the hospital that same day after he removed staples used to bandage his wound with his teeth. Dr. Pauszek again bandaged the wound. Hankins alleges that Dr. Pauszek refused to provide him with constitutionally adequate medical care because he believed Hankins was a pedophile.

**Claim 4**.  <u>Dr. David H. Dunkle and Dr. Gerald B. Mader</u> were allegedly deliberately indifferent to Hankins' elevated Dilantin levels.

**Claim 5**.  <u>Johnson County Adult and Child Mental Care Agency and Joan Ryan</u> were allegedly responsible for providing mental health care to detainees at the Johnson County Jail and failed to provide Hankins with constitutionally adequate mental health care. Specifically, Joan Ryan evaluated Hankins on May 21, 2010, and June 11, 2010.  Ms. Ryan recommended that Hankins be transferred to the Department of Corrections pending trial given his mental state.

## II.  SEVERANCE OF CLAIMS

For the reasons stated above, claims 1, 2, 3 and 5 shall be severed from this action.  In addition to the possible misjoinder of claims noted above, this action shall be severed for two additional reasons.  First, the Court has granted Hankins request for recruitment of counsel, based upon a determination that Plaintiff is not competent to represent himself in this action.  In this regard, efforts have been made to recruit counsel to represent Mr. Hankins in this action.  See Dkt. 170.  To date, the Court's efforts have been unsuccessful.  One reason the Court has been unable to locate volunteer counsel is the voluminous number of claims, filings and defendants in this action.  It is apparent to potential pro bono counsel upon reviewing the record that representing Mr. Hankins will require considerable time and effort.  The Court believes that severing this action into more easily digestible claims will facilitate the recruitment of counsel for each claim.

Second, as explained in the Entry of January 24, 2014 (Dkt. 157), most of the claims filed in this action are currently pending or were previously dismissed in a state court action. See Dkt. 157; *Jonathan Michael Hankins v. Deputy Prosecutor Douglas Cummins,* Cause No. 41D03-


1208-CT-00105 (Chronological Case Summary at Dkt. 126-1) (the "State Court Action"). Separating the claims into distinct actions will facilitate the entry of final judgment as each claim is resolved in either this or the State Court Action. The Court has previously made known its view that pursing the same claims against the same defendants in a parallel proceeding is a waste of judicial efforts. The severance of claims has the potential to cut off parallel litigation upon the entry of final judgment in either case. As a side note, the Court considered whether abstention would be appropriate pending the resolution of the State Court Action. *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976); s*ee also Lumen Construction, Inc. v. Brant Construction Co.*, 780 F.2d 691, 698 (7th Cir. 1986). However, at this point, the Court's determination is that this federal action must plow forward. This action was filed prior to the State Court Action, federal claims predominate, and all parties have stated that this Court should exercise its jurisdiction. See Dkts. 158-161.

### III. **FURTHER PROCEEDINGS**

To effectuate the severance of claims, four new civil actions from the Indianapolis Division shall be opened, consistent with the following:

a. Jonathon Michael Hankins shall be the plaintiff in each of the newly opened actions.

b. The Nature of Suit in each of the newly opened actions shall be 555.

c. The Cause of Action of each of the newly opened actions shall be 42:1983pr.

d. All four new cases shall be directly assigned to District Judge Tanya Walton Pratt and Magistrate Judge Debra McVicker Lynch.

e. The Amended Complaint (Dkt. 14) in this action shall be filed and re-docketed as the complaint in each of the newly opened actions. Hankins' request to proceed *in forma pauperis* (Dkt. 2) shall likewise be filed and re-docketed in each of the newly opened actions.

f. A copy of this Entry shall be docketed in each of the newly opened actions.

g. This action and each of the newly opened actions shall be shown with this action and with each other as linked actions.

h. The defendant in the first of the newly opened actions shall be former Johnson County Sheriff Terry McLaughlin in his individual capacity only.

i. The defendants in the second of the newly opened actions shall be Sheriff Douglas Cox, in his official capacity only, and Nurse Nancy, in her individual capacity.

j. The defendant in the third of the newly opened actions shall be Doctor Michael Pauszek, in his individual capacity.

k. The defendants in the fourth of the newly opened actions shall be Johnson County Adult and Child Mental Care Agency and Joan Ryan.

Consistent with the determination and rulings made above, all claims against former Sheriff Terry McLaughlin, Sheriff Douglas Cox, Nurse Nancy, Dr. Michael Pauszek, Johnson County Adult and Child Mental Care Agency and Joan Ryan are dismissed without prejudice. These six defendants are terminated in this action.

The action docketed as No. 1:12-cv-683-TWP-DML shall proceed as to the claim that Dr. David H. Dunkle and Dr. Gerald B. Mader were allegedly deliberately indifferent to Hankins'

elevated Dilantin levels and is noted as Claim 4 above. This claim was selected to proceed under this cause number because it has progressed the farthest in that a motion to dismiss filed by these defendants has been ruled on and these defendants' motion for summary judgment has been fully briefed. See Dkts. 41 and 98.

**SO ORDERED.**

Date: 05/28/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jonathon Michael Hankins, #966802
New Castle Correctional Facility
Inmate Mail/Parcels
1000 Van Nuys Road
New Castle, Indiana 47362

Daniel Joseph Layden
WILLIAMS HEWITT BARRETT & WILKOWSKI, LLP
dlayden@wbwlawyers.com

Daniel J. Paul
WILLIAMS HEWITT BARRETT & WILKOWSKI LLP
dpaul@wbwlawyers.com

William W. Barrett
WILLIAMS HEWITT BARRETT & WILKOWSKI LLP
wbarrett@wbwlawyers.com

Justin Carl Wiler
SCHULTZ & POGUE LLP
jwiler@schultzpoguelaw.com

Peter H. Pogue
SCHULTZ & POGUE LLP
ppogue@schultzpoguelaw.com

Kelly J. Pitcher
CLENDENING JOHNSON & BOHRER, P.C.
kpitcher@lawcjb.com

David E. Jose
KREIG DeVAULT LLP
djose@kdlegal.com

Lauren C. Sorrell
KREIG DeVAULT LLP
lsorrell@kdlegal.com

Stacy Walton Long
KREIG DeVAULT LLP
slong@kdlegal.com